UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MARIA LUZ ZUCCHELLA,

        Plaintiff,

vs.

OLYMPUSAT, INC., a Florida corporation;
TOM MOHLER, an individual,
OLYMPUSAT HOLDINGS, INC.,
a Florida corporation, OCEAN NEW
MEDIA, LLC, a Florida corporation, and
OCEAN COMMUNICATIONS, INC., a
Florida corporation, and DOES 4 through
50, inclusive,

        Defendants.
_____/

**NON-PARTY KIMBERLY REED'S
MOTION TO QUASH SUBPOENA/MOTION FOR PROTECTIVE ORDER**

Non-party Kimberly Reed ("Reed"), through undersigned counsel, and pursuant to Fed. R. Civ. P. 45(d)(3), moves the Court to quash, or, in the alternative, for a protective order with regards to a subpoena for deposition of non-party Kimberly Reed, a resident of Palm Beach County, Florida, issued by the United States District Court for the Central District of California in the above-captioned case, and states as follows:

1. The above-captioned case is an employment case currently pending in the United States District Court for the Central District of California, case no. 2:19-cv-7335-DSF(PLAx).

2. Plaintiff alleges that she was employed by defendants Olympusat, Inc., Olympusat Holdings, Inc., Ocean New Media, Inc., and Ocean Communications, Inc. and that they violated various provisions of the State of California's Fair Employment and Housing Act concerning discrimination, harassment, creation of a hostile work environment, and retaliation, and various provisions of the California Family Rights Act, and committed civil conspiracy,

defamation, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, breach of contract, and wrongful termination.

3. Defendants deny plaintiff's allegations and assert numerous affirmative defenses, including that plaintiff's claims are barred by the applicable statutes of limitation, as well as various counterclaims for breach of contract, unfair competition, fraud, violation of Section 3344 of California's Civil Code, common law misappropriation, unfair trade practices in violation of Florida law, breach of fiduciary duty and breach of loyalty.

4. Reed is a resident of Palm Beach County. She was employed by defendant Olympusat, Inc. from 2002 until 2014 and was an independent contractor of Ocean Communications, Inc. from 1999 until 2014. She was also a member of the board of directors of Olympusat, Inc. and Olympusat Holdings, Inc.

5. Olympusat, Inc., Olympusat Holdings, Inc. and Ocean Communications, Inc. filed a lawsuit in 2014 against Reed in Palm Beach County, Florida – *Olympusat Holdings, Inc., Olympusat, Inc., and Ocean Communications, Inc. v. Kimberly S. Reed and Kim Reed Media LLC*, 15th Judicial Circuit Court case no. 50-2015CA005560XXXXMB - contending that she breached her employment agreement with Olympusat, Inc. and her independent contractor agreement with Ocean Communications, Inc. and that they had the right to redeem Reed's ownership interest in Olympusat Holdings, Inc. In response, Reed filed counterclaims for breach of her employment agreement, breach of her independent contractor agreement, and for a declaratory judgment that she remained the owner of her interest in Olympusat Holdings, Inc.

6. In June 2021, Reed and Olympusat, Inc., Olympusat Holdings, Inc. and Ocean Communications, Inc. resolved their disputes and entered into a settlement agreement that contains a confidentiality provision and a non-disparagement provision.

7. On June 30, 2021, plaintiff's counsel served a subpoena to Reed to testify in this case setting Reed's deposition for July 29, 2021. Attached as Exhibit 1 is a copy of the subpoena.

8. Because of concerns regarding the provisions of Reed's settlement agreement and plaintiff's allegations, the parties and Reed agreed to continue Reed's deposition to August 4, 2021 in order to allow the parties an opportunity to work out any disputes as to Reed's anticipated testimony. Attached as Exhibit 2 is a letter from plaintiff's counsel to defendant's counsel regarding the parties' discussions and attached as Exhibit 3 is the Notice of Continued Videotaped Deposition of Reed set for August 4, 2021 and new subpoena setting Reed's deposition for August 4, 2021.

9. Although the litigation privilege provides absolute immunity for Reed's testimony during a deposition, *James v. Leigh*, 145 So.3d 1006, 1008 (Fla. 4th DCA 2014)(litigation privilege bars claim for breach of a non-disparagement agreement); *McCullough v. Kubiak*, 158 So.3d 739, 740 (Fla. 4th DCA 2015)(absolute privilege that extended to statements during a deposition of a non-party witness), given plaintiff's allegations and claims, Reed is concerned that, should she testify, defendants may contend that she is in breach of the settlement agreement's confidentiality and non-disparagement provisions and seek damages against her.

10. In addition, after speaking with counsel for defendants, it appears that defendants contend that the relevant time frame for plaintiff's claims is May 22, 2018 through October 11, 2019 and that, because Reed's employment ended in 2014, any testimony by Reed regarding the subject of plaintiff's complaint would not be relevant to plaintiff's claims. *See Ellis v. U.S. Security Associates*, 224 Cal.App.4th 1213, 1221(2014); *Acuna v. San Diego Gas & Electric Co.*, 217 Cal. App. 4th 1402, 1413 (2013) (FEHA "establishes a ***strict one-year statute of limitations***, commencing from the date of the right-to-sue notice by the [DFEH], except for certain statutory

exceptions [none of which are applicable here]" (emphasis added, internal citations omitted); Cal. Gov't Code, § 12965, subd. (d)(2) (the time for commencing an action under FEHA expires "one year from the date of the right-to-sue notice by the Department of Fair Employment and Housing.")

11. Should the Court determine that Reed's testimony is not relevant to plaintiff's claims based upon the relevant statutes of limitations, and/or that the confidentiality and non-disparagement provisions of the settlement agreement between Reed and Olympusat, Inc., Olympusat Holdings, Inc., and Ocean Communications, Inc. precludes Reed's testimony, Reed requests that the Court quash the subpoena, or, alternatively, enter a protective order limiting Reed's testimony to those issues that fall within the relevant statute of limitations and that are not within the scope of the provisions of her settlement agreement with Olympusat, Inc., Olympusat Holdings, Inc., and Ocean Communications, Inc.

Respectfully submitted,

By: */s/ Christopher Kammerer*
Christopher W. Kammerer
Florida Bar No.: 0042862
KAMMERER MARIANI PLLC
1601 Forum Place, Suite 500
West Palm Beach, FL 33401
Telephone: (561) 990-1592
Email:ckammerer@kammerermariani.com
*Counsel for Kimberly Reed*

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

By: */s/ Christopher Kammerer*
Christopher W. Kammerer

## SERVICE LIST

**Electronic Mail Notice List**

- **Lindsey Wagner, Esq**.
  Lwagner@scottwagnerlaw.com

- **Daniel Stormer, Esq.**
  dstormer@hadsellstormer.com

- **Barbara Enloe Hadsell, Esq.**
  bhadsell@hadsellstormer.com

- **Laura Reathaford, Esq.**
  Laura.Reathaford@LathropGPM.com.

- **Ronald Valenzuela, Esq.**
  Ronald.Valenzuela@LathropGPM.com.

- **Barri Friedland, Esq.**
  Barri.Friedland@LathropGPM.com.